(127 So. 739)

## BARON v. WEBER–KING LUMBER CO., Inc.

### No. 28942.

March 31, 1930.

T. Overton Brooks, of Shreveport, for appellant.

Thompson & Ferguson, of Leesville, for appellee.

LAND, J.

Plaintiff alleges that on December 10, 1924, he entered into a written contract with defendant company to purchase certain scrap iron, pipe, and machinery located at its mill at Barham, La., and that, through the failure and refusal of the defendant company to de-

liver the articles purchased, plaintiff sustained a loss in profits of $4,942.

Defendant company denies any indebtedness to plaintiff, on the ground that the contract sued upon was not authorized by it, and was made without authority by its agent.

From a judgment rejecting his demands, plaintiff has appealed.

The contract upon which plaintiff relies is signed by "Weber-King Lum. Co. Per B. M. Talbot," but is not signed by plaintiff.

B. M. Talbot is superintendent of the plant of defendant company at Barham, La., and W. B. Weber is president and general manager of defendant company, with offices located at Lake Charles, La.

It is clear from the testimony of both of these witnesses that Talbot had no authority, as superintendent, to dispose of the assets of the company and to sell to plaintiff the scrap iron included in the contract in question.

It is also equally clear from the testimony of Talbot, superintendent, and of Cronin, the bookkeeper in his office, that plaintiff was advised, at the time the contract was signed by Talbot for defendant company, that the sale had to be confirmed by Weber, president and general manager at Lake Charles, La.

Weber testified that he declined to authorize the sale to be made by Talbot to plaintiff, and Talbot's testimony is to the same effect.

Plaintiff admitted in his testimony that Talbot had informed him that he (Talbot) could not sell unless he talked with Weber at Lake Charles about it.

Plaintiff then added that Talbot signed the contract, after his conversation with Weber over the telephone. Such testimony is unavailing in face of the fact that both Talbot and Weber positively swear that the sale was not approved. Since plaintiff has failed to show that the contract of sale was completed by the necessary approval of the president and general manager of defendant company, this is the end of the matter, as there is no contract proven in the case.

Judgment affirmed.

OVERTON, J., recused.